IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

GERALD S. DECOSTA, et al.

    v.                  :   Civil Action No. DKC 10-0301

U.S. BANCORP, et al.

## MEMORANDUM OPINION

Three motions are presently pending and ready for resolution in this mortgage lending case: (1) a motion to quash service of process (Paper 3) filed by Defendant Buonassissi, Henning & Lash, P.C. ("Buonassissi"), (2) a motion to dismiss (Paper 7) filed by Defendants U.S. Bank, N.A. ("U.S. Bank") and America's Servicing Company ("ASC"), and (3) a motion to dismiss (Paper 16) filed by Defendant Buonassissi. The issues are fully briefed and the court now rules pursuant to Local Rule 105.6, no hearing being deemed necessary. For the reasons that follow, Buonassissi's motion to quash will be denied, U.S. Bank and ASC's motion to dismiss will be granted, and Defendant Buonassisi's motion to dismiss will be granted. The complaint will be dismissed without prejudice and Plaintiffs may file an amended complaint within 21 days.

## I.    Background

This case stems from a mortgage transaction ("the Mortgage") between Plaintiffs Gerald DeCosta and Yvette Young-DeCosta and New Century Mortgage Corporation ("New Century"). (Paper 1 ¶ 6.).  According to the Complaint, Plaintiffs closed on the Mortgage, which refinanced a prior mortgage that Plaintiffs had held, on July 14, 2006. (*Id.* ¶¶ 8-9).  After the closing, Plaintiffs received copies of various documents related to the Mortgage, including at least one copy of a Truth in Lending Disclosure Statement and one copy of a Notice of Right to Cancel. (*Id.* ¶¶ 11, 19, 20).  Plaintiffs maintain that the Disclosure Statement and Notice of Right to Cancel were deficient because they did not receive two copies of each document. (*Id.* ¶¶ 20-21).  According to Plaintiffs, New Century then sold "an interest" in the Mortgage to U.S. Bank, "who now maintains a pecuniary interest." (*Id.* ¶ 27).  ASC is the designated servicer for the Mortgage. (*Id.* ¶ 28).

Plaintiffs allege that, on July 13, 2009, they mailed a "rescission notice" to ASC, which ASC purportedly received on July 15, 2009. (*Id.* ¶¶ 31-32).  ASC allegedly "refused to honor" the notice and continued demanding payments on the Mortgage from Plaintiffs. (*Id.* ¶ 32-33).  Plaintiffs state that on September 12, 2009 they received an "order to docket" reflecting that an action to foreclose the lien pursuant to the

Mortgage had been commenced in the Circuit Court of Maryland for Prince George's County. (*Id.* ¶ 34). Three days later, Plaintiffs received a letter from Buonassissi, the substitute trustee for the Mortgage, which explained to Plaintiffs that Plaintiffs had been declared in default on the Mortgage. (*Id.* ¶ 35). Foreclosure proceedings have since continued, even though Plaintiffs contend that such proceedings are contrary to their valid rescission notice. (*Id.* ¶¶ 36-37).

On February 5, 2010, Plaintiffs filed their complaint with this court. The complaint includes five counts. First, Plaintiffs contend that U.S. Bank and ASC violated provisions of the Truth in Lending Act ("TILA") by failing to rescind the mortgage. (*Id.* ¶¶ 45-56). Second, Plaintiffs assert a "recoupment claim" under TILA against U.S. Bank for failure to make required disclosures. (*Id.* ¶¶ 57-60). Third, Plaintiffs claim ACS violated provisions of the Real Estate Settlement Procedures Act ("RESPA") by failing to make "appropriate correction to Plaintiff's account" and cease collections after receiving Plaintiff's purported rescission notice. (*Id.* ¶¶ 61-67). Fourth, Plaintiffs argue that ASC and Buonassissi's collections efforts violated the Fair Debt Collection Practices Act ("FDCPA"). (*Id.* ¶¶ 68-79). Fifth, and finally, Plaintiffs allege that all Defendants committed several violations of the Maryland Consumer Protection Act. (*Id.* ¶¶ 80-102). Plaintiffs

request numerous forms of relief, including a rescission of the Mortgage and termination of the security interest in Plaintiffs' property, various types of statutory damages, an injunction against Defendants enjoining them from taking any action with respect to Plaintiffs' property, and other types of relief. (*Id.* ¶ 104).

## II.  **Motion to Quash**

Buonassissi moves to quash the service of process because Plaintiffs allegedly failed to include a summons when they served Buonassissi with the complaint and civil cover sheet. (Paper 3-1, at 1-2).  Buonassissi relies on Federal Rule of Civil Procedure 4(c)(1), which states that "[a] summons must be served with a copy of the complaint."[1]  Counsel for Plaintiffs states that she included a copy of the summons in the materials served on each Defendant.  (Paper 11, at 1).  "In the abundance of caution," however, she re-served Buonassissi on May 5, 2010. (*Id.*; Paper 12).  Buonassissi has not argued that this second round of service was deficient.

The court will not quash the service of process. Plaintiffs have provided an affidavit of service indicating that they have cured any deficiency in the first effort at service by

---

[1] This court's Local Rules also require plaintiffs to serve a copy of the summons.  *See* Local Rule 103(2)(a).

re-serving Buonassissi with all the required documents. (Paper 12, Aff., ¶ 3). Moreover, Buonassissi has actual notice of the pendency of an action against the firm, as evidenced by the fact that they filed a motion to dismiss the complaint. The U.S. Court of Appeals for the Fourth Circuit has explained,

> When the process gives the defendant actual notice of the pendency of the action, the rules, in general, are entitled to a liberal construction. When there is actual notice, every technical violation of the rule or failure of strict compliance may not invalidate the service of process.

*Armco, Inc. v. Penrod-Stauffer Bldg. Sys., Inc.*, 733 F.2d 1087, 1089 (4th Cir. 1984). Buonassissi's motion to quash service will be denied.

## III. Motions to Dismiss

### A. Standard of Review

The purpose of a motion to dismiss pursuant to Fed.R.Civ.P. 12(b)(6) is to test the sufficiency of the plaintiff's complaint. *See Edwards v. City of Goldsboro*, 178 F.3d 231, 243 (4th Cir. 1999). Except in certain specified cases, a plaintiff's complaint need only satisfy the "simplified pleading standard" of Rule 8(a), *Swierkiewicz v. Sorema N.A.*, 534 U.S. 506, 513 (2002), which requires a "short and plain statement of the claim showing that the pleader is entitled to relief." Fed.R.Civ.P. 8(a)(2). Nevertheless, "Rule 8(a)(2) still requires a 'showing,' rather than a blanket assertion, of

entitlement to relief." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 n.3 (2007). That showing must consist of more than "a formulaic recitation of the elements of a cause of action" or "naked assertion[s] devoid of further factual enhancement." *Ashcroft v. Iqbal*, 129 S.Ct. 1937, 1949 (2009) (internal citations omitted).

In its determination, the court must consider all well-pled allegations in a complaint as true, *Albright v. Oliver*, 510 U.S. 266, 268 (1994), and must construe all factual allegations in the light most favorable to the plaintiff. *See Harrison v. Westinghouse Savannah River Co.*, 176 F.3d 776, 783 (4th Cir. 1999) (citing *Mylan Labs., Inc. v. Matkari*, 7 F.3d 1130, 1134 (4th Cir. 1993)). The court need not, however, accept unsupported legal allegations, *Revene v. Charles County Comm'rs*, 882 F.2d 870, 873 (4th Cir. 1989), legal conclusions couched as factual allegations, *Iqbal*, 129 S.Ct. at 1950, or conclusory factual allegations devoid of any reference to actual events, *United Black Firefighters v. Hirst*, 604 F.2d 844, 847 (4th Cir. 1979). *See also Francis v. Giacomelli*, 588 F.3d 186, 193 (4th Cir. 2009). "[W]here the well-pleaded facts do not permit the court to infer more than the mere possibility of misconduct, the complaint has alleged, but it has not 'show[n] . . . that the pleader is entitled to relief.'" *Iqbal*, 129 S.Ct. at 1950 (quoting Fed.R.Civ.P. 8(a)(2)). Thus, "[d]etermining whether a

complaint states a plausible claim for relief will . . . be a context-specific task that requires the reviewing court to draw on its judicial experience and common sense." *Id.*

U.S. Bank and ASC raise several affirmative defenses, including a statute of limitations defense and the defense of *res judicata.* The statute of limitations is an affirmative defense that a party typically must raise in a pleading under Fed.R.Civ.P. 8(c) and is not usually an appropriate ground for dismissal. *See Eniola v. Leasecomm Corp.*, 214 F.Supp.2d 520, 525 (D.Md. 2002); *Gray v. Mettis*, 203 F.Supp.2d 426, 428 (D.Md. 2002). Nevertheless, dismissal is proper "when the face of the complaint clearly reveals the existence of a meritorious affirmative defense." *Brooks v. City of Winston-Salem*, North Carolina, 85 F.3d 178, 181 (4th Cir. 1996); *see also Rice v. PNC Bank, N.A.*, No. PJM 10-07, 2010 WL 1711496, at *3 (D.Md. Apr. 26, 2010) (dismissing TILA claims on motion to dismiss as untimely). Similarly, the Fourth Circuit has permitted dismissal on *res judicata* grounds in some circumstances:

> This Court has previously upheld the assertion of res judicata in a motion to dismiss. Although an affirmative defense such as res judicata may be raised under Rule 12(b)(6) "only if it clearly appears on the face of the complaint," when entertaining a motion to dismiss on the ground of res judicata, a court may take judicial notice of facts from a prior judicial proceeding when the res judicata defense raises no disputed issue of fact.

*Andrews v. Daw*, 201 F.3d 521, 524 (4th Cir. 2000) (citations omitted).

**B.  Analysis**

U.S. Bank and ASC have moved to dismiss the complaint on three grounds.  (Paper 7-1).  First, they contend that the applicable statute of limitations bars Plaintiffs' TILA rescission claims.  (*Id.* at 3-4).  Second, they maintain that Plaintiffs' failure to tender the loan proceeds prevents any action for rescission.  (*Id.* at 4-6).  Third, they contend that the issues presented in Plaintiffs' rescission claim were already resolved in the foreclosure action on the Mortgage; as such, *res judicata* and/or collateral estoppel bars any re-litigation of those claims.  (*Id.* at 6-10).[2]  Buonassissi has

---

[2]  U.S. Bank and ASC included another argument in their reply.  (Paper 14).  As an assignee and a servicer, they argue that they were entitled to rely on the face of the documents, which they say do not evidence any TILA violations.  (*Id.* at 4-5).  Because the argument was only raised on reply, the court will not consider it.  *Cf. Hunt v. Nuth*, 57 F.3d 1327, 1338 (4th Cir. 1995) (stating, in appellate context, that "courts

also filed a motion to dismiss, which contends that claims against it also rely on the faulty premise of a valid rescission.

**1. Plaintiffs' Claim for Rescission**

**a. TILA Statutes of Limitation and Repose**

Under TILA, a borrower may generally rescind his/her loan anytime within three days of the transaction's closing. 15 U.S.C. § 1635(a). If, however, the lender fails to provide the borrower with certain required disclosures, including a notice of the borrower's right to cancel, then the borrower may rescind the transaction anytime within three days after he actually receives the disclosures. *Id.* If the disclosures are never made, the right to rescind does not extend indefinitely, as TILA includes a statute of repose. That statute provides, in relevant part:

> An obligor's right of rescission shall expire three years after the date of consummation of the transaction or upon the sale of the property, whichever occurs first, notwithstanding the fact that the information and forms required under this section or any other disclosures required

---

generally will not address new arguments raised in a reply brief because it would be unfair to the appellee and would risk an improvident or ill-advised opinion on the legal issues raised"). Regardless, a quick read of the relevant statute indicates that this new argument is meritless. *See* 15 U.S.C. § 1641(c) ("Any consumer who has the right to rescind a transaction under section 1635 of this title may rescind the transaction as against any assignee of the obligation.").

under this part have not been delivered to
the obligor[.]

15 U.S.C. § 1635(f).

U.S. Bank and ASC argue that the typical "three days from closing" statute of limitations applies because Plaintiffs received all the required disclosures at closing, including two copies of a notice of right to cancel. (Paper 7-1, at 3). They note that Plaintiffs signed an acknowledgment at closing that they received the required documents. (*Id.* at 3-4).

In their complaint, Plaintiffs allege that they received only one copy of the notice of right to cancel instead of the requisite two.[3] (Paper 1 ¶ 20). At the motion to dismiss stage, that factual allegation is enough to support Plaintiffs' contention that the standard three-day limitations period does not apply. Although the signed acknowledgement may be useful evidence concerning whether the required disclosures were made, it creates no more than a rebuttable presumption that the proper notice was given. 15 U.S.C. § 1635(c). Therefore, the acknowledgements do not necessarily defeat Plaintiffs' allegations.

---

[3] Regulations require lenders to provide two copies of the notice. *See* 12 C.F.R. § 226.23 ("In a transaction subject to rescission, a creditor shall deliver two copies of the notice of the right to rescind to each consumer entitled to rescind.").

Nevertheless, U.S. Bank and ASC maintain that Plaintiffs' action is untimely even if only the three-year statute of repose applies. (Paper 7-1, at 4). According to them, because Plaintiffs filed this lawsuit more than three years after closing on the Mortgage, the action is time-barred. (*Id.*). Plaintiffs respond that they timely exercised their right to rescind when they mailed a "rescission notice" to ASC on July 13, 2009. (Paper 10-1, at 4-5). In their view, they have a continuing right "to seek judicial enforcement" of the timely rescission, even beyond the statute's three-year statue of repose. (*Id.* at 5).

The issue of what constitutes a timely claim for rescission has perplexed courts and produced a variety of approaches. Some courts have concluded that a suit for rescission is timely, even when brought more than three years after closing, so long as the borrower gave notice to the lender within the three-year period. *See, e.g.*, *Briosos v. Wells Fargo Bank*, No. C 10-02834, 2010 WL 3341043, at *7 (N.D.Cal. Aug. 25, 2010); *Jackson v. CIT Grp./Consumer Fin., Inc.*, No. 2:06-cv-543, 2006 WL 3098767, at *2 (W.D.Pa. Oct. 30, 2006). Another group of cases has held that a failure to respond to a valid notice of rescission triggers the general one-year statute of limitations for violations of TILA, 15 U.S.C. § 1640(e). *See In re Hunter*, 400 B.R. 651, 662 (Bankr.N.D.Ill. 2009); *Palmer v. Champion Mortg.*,

465 F.3d 24, 27 (1st Cir. 2006); *Johnson v. Long Beach Mortg. Loan Trust 2001-4*, 451 F.Supp.2d 16, 39-41 (D.D.C. 2006); *Kamara v. Michael Funding, LLC*, 379 F.Supp.2d 631, 634 (D.Del. 2005). A third band of courts look to the date the complaint was filed and ignore any other notice given within the statutory period. *See, e.g.*, *Rosenfeld v. HSBC Bank, USA*, No. 10-cv-00058-MSK-MEH, 2010 WL 3489926, at *5 (D.Colo. Aug. 31, 2010); *Sam v. Am. Home Mortg. Servicing*, No. S-09-2177, 2010 WL 761228, at *2 (E.D.Cal. Mar. 3, 2010); *Nix v. Option One Mortg. Corp.*, No. 05-03685, 2006 WL 166451, at *6 (D.N.J. Jan. 19, 2006).

The Fourth Circuit has not decided this issue and only one district court in the circuit has addressed it. *See Gilbert v. Deutsche Bank Trust Co. Ams.*, No. 4:09-CV-181-D, 2010 WL 2696763 (E.D.N.C. July 7, 2010). In *Gilbert*, the court took the third of the three above-listed approaches, concluding that plaintiff's suit was untimely because it was brought more than three years after closing. *Id.* at *5. Just as in this case, plaintiffs contended that they mailed a notice of rescission to the lender before expiration of the three-year period, preserving their claim. *Id.* Principally relying on the Fourth Circuit's decision in *American Mortgage Network, Inc. v. Shelton*, 486 F.3d 815, 821 (4th Cir. 2007), the court rejected the argument:

The Fourth Circuit, however, has held that
unilateral notification of cancellation does
not automatically void the loan contract.
*Am. Mortgage Network, Inc. v. Shelton*, 486
F.3d 815, 821 (4th Cir.2007). "Otherwise, a
borrower could get out from under a secured
loan simply by claiming TILA violations,
whether or not the lender had actually
committed any." *Id.* (quotation and
alteration omitted). The "security interest
becomes void when the obligor exercises a
right to rescind that is available in the
particular case, either because the creditor
acknowledges that the right of rescission is
available, or because the appropriate
decision maker has so determined." *Id.*
(quotation omitted). "Until such decision
is made, the borrowers have only advanced a
claim seeking rescission." *Id.* (quotation
and alteration omitted). Thus, when a
mortgagee receives such a claim, rescission
is not "automatic." *See id.* at 820-21
("Clearly it was not the intent of Congress
to reduce the mortgage company to an
unsecured creditor or to simply permit the
debtor to indefinitely extend the loan
without interest.").

Plaintiffs' April 5, 2009 letter merely
requested rescission. Such a request does
not constitute the exercise of the right of
rescission.

*Id.* *Gilbert*'s rationale is decidedly persuasive. As the above

passage illustrates, the Fourth Circuit has concluded that the

right to rescission is not actually "exercised" until the lender

recognizes that rescission is available or a court declares it

so. *Am. Mortg. Network*, 468 F.3d at 821. Until one of these

two events occurs, the right of rescission lies dormant. That

dormant right is finally extinguished once three years pass. 15

U.S.C. § 1635(f). Therefore, under the clear terms of Section 1635(f), there is no viable right of rescission to enforce.

Such an outcome squares with other cases before the Fourth Circuit and the Supreme Court discussing the right to rescind under TILA. The Fourth Circuit has stressed, for instance, that Section 1635(f) "is an absolute time limit." *Jones v. Saxon Mortg., Inc.*, 537 F.3d 320, 327 (4th Cir. 1998). As such, the statute "precludes a right of action after a specified period of time . . . [and] the time period stated therein is typically not tolled for any reason." *Id.* Similarly, in *Beach v. Ocwen Federal Bank*, 523 U.S. 410, 416-17 (1998), the Supreme Court characterized Section 1635(f) as an unbendable prohibition, which speaks "in terms so straightforward as to render any limitation on the time for seeking a remedy superfluous." *Id.* at 417. Plaintiffs' reading of the statute, however, would allow borrowers to evade the clear terms of the statute by "pre-filing" a claim for rescission with the lender. Such an approach would essentially permit borrowers to invoke the very tolling doctrines that the Supreme Court stressed were inapplicable in this context. Moreover, in the circumstances of this case, the untimely rescission action would cloud the lender's title on foreclosure, a problem that Congress likely sought to avoid by passing Section 1635(f). *See id.* at 418-19 ("Since a statutory right of rescission could cloud a bank's

title on foreclosure, Congress may well have chosen to circumscribe that risk."). In sum, Plaintiffs' claim for rescission is untimely.

**b.** *Res Judicata*

Even if Plaintiffs' claim for rescission were timely, it would nevertheless be barred by *res judicata*. The doctrine of *res judicata* encompasses two concepts: (1) claim preclusion and (2) issue preclusion, sometimes called collateral estoppel. *See In re Varat Enters., Inc.*, 81 F.3d 1310, 1315 (4th Cir. 1996) (citing *Allen v. McCurry*, 449 U.S. 90, 94 (1980)). U.S. Bank and ASC argue that both claim and issue preclusion apply because the validity of Plaintiffs' purported rescission was litigated in the foreclosure action against Plaintiffs in the Circuit Court for Prince George's County. (Paper 7-1, at 7-10). In particular, Plaintiffs claimed that they validly exercised their right of rescission in a motion to dismiss the foreclosure action and a motion for reconsideration. (Paper 7-1, at 8-10). Both of those motions were denied by the state court.

The parties correctly cite to Maryland law as the relevant law of preclusion, as "the preclusive effect of a judgment rendered in state court is determined by the law of the state in which the judgment was rendered." *Laurel Sand & Gravel, Inc. v. Wilson*, 519 F.3d 156, 162 (4th Cir. 2008). Under Maryland law, claim preclusion "embodies three elements: (1) the parties in

the present litigation are the same or in privity with the parties to the earlier litigation; (2) the claim presented in the current action is identical to that determined or that which could have been raised and determined in the prior litigation; and (3) there was a final judgment on the merits in the prior litigation." *Comptroller of Treasury v. Sci. Applications Int'l Corp.*, 405 Md. 185, 195-96 (2008) (quoting *R&D 2001, LLC v. Rice*, 402 Md. 648, 663 (2008)). Here, claim preclusion cannot apply because the parties to this action are not the same as the parties to the foreclosure action. *See United Book Press, Inc. Md. Composition Co.*, 141 Md.App. 460, 476 (2001) (stating that claim preclusion "requires consistency of the parties from both lawsuits"). In the foreclosure action, Buonassissi, acting as substitute trustee, filed the order to docket against Plaintiffs. Neither U.S. Bank nor ASC were involved and there is no suggestion of privity between ACS, U.S. Bank, and Buonassissi. Lacking complete identity of the parties, there can be no claim preclusion.

Issue preclusion, however, does not require complete identity between the parties in both actions. Instead, four different elements must be met: (1) the issue decided in the prior adjudication must have been identical to the one in the present action; (2) there must have been a final judgment on the merits in the first action; (3) the party against whom the plea

is asserted must have been a party to the prior adjudication; and (4) the party against whom the plea is asserted must have been given a fair opportunity to be heard on the issue. *Culver v. Md. Ins. Comm'r*, 175 Md.App. 645, 657 (2007). There can be no doubt Plaintiffs were parties to the state foreclosure action, as evidenced by their multiple filings in that action. (*See* Paper 7-2, Ex. B, at 4-7; Paper 7-2, Ex. D, at 18-24). Those same filings reflect that they were given a fair opportunity to be heard. Moreover, Plaintiffs raised the very issues they raise in the present litigation, arguing that they timely exercised their right to rescind after New Century failed to make its required TILA disclosures. (*Id.*). The court, by denying Plaintiffs' motion to dismiss and motion for reconsideration, decided otherwise.

The only remaining question then is whether there was a final judgment on the merits in the first action. Plaintiffs contend that issues regarding rescission could not have been decided in the foreclosure action given the limited scope of a court's inquiry on an order to docket. (Paper 10-1, at 10-11). They are mistaken.

Proceedings to foreclose a lien under a power of sale may be commenced in Maryland by the filing of an order to docket. *See* Md. Rule 14-207. In the typical case, "[f]oreclosure pursuant to a power of sale is intended to be a summary, in rem

proceeding." *G.E. Cap. Mortg. Servs., Inc. v. Levenson*, 338 Md. 227, 245 (1995). The nature of the action may change, however, when the mortgagor voluntarily appears. *Fairfax Sav., F.S.B. v. Kris Jen Ltd. P'ship*, 338 Md. 1, 16-17 (1995). When the borrower gets involved, as Plaintiffs did here by filing a motion to dismiss, the court may include "rulings . . . that have *in personam* collateral estoppel effect." *Id.* at 17. Therefore, in resolving a motion to dismiss an order to docket, the court may make the type of "final determination" necessary to invoke issue preclusion. *Cook v. State,* 281 Md. 665, 669 381 (Md. 1978). Indeed, the Maryland Rules specifically contemplate that the court will make a "final determination" on such a motion. Md. Rule 14-211(c). That ruling is appealable.[4] *See Andrulonis v. Andrulonis*, 193 Md.App. 601, 616 (2010) (looking to "the appealability of [the court's] determination by the party against whom the issue preclusion is being asserted" to determine a judgment's preclusive effect). In light of all these considerations, it would appear that the issue of the validity of Plaintiffs' rescission claims has already been resolved in another action ending in a final judgment.

---

[4] Indeed, it appears from the Maryland Judiciary records that the ruling is on appeal. An appeal, however, does not deprive the ruling of its finality. *Campbell v. Lake Hallowell Homeowners Ass'n*, 157 Md. App. 504, 525 (2004).

Therefore, issue preclusion prevents this court from considering the rescission claims once more.

### c. Tender

Because the court has already concluded that Plaintiffs' claim for rescission fails on two separate grounds, there is no need to address U.S. Bank and ASC's third argument concerning tender.

### 2. Plaintiffs' Remaining Claims

Although all Defendants direct their arguments only to Plaintiffs' rescission claim, they contend that the entire complaint must be dismissed because all five counts are based on the same faulty premise that a valid rescission occurred. (Paper 7-1, at 3; Paper 16-1, at 3). Plaintiffs do not seem to dispute this contention, but the point is not entirely clear. The fact that the remedy of rescission is unavailable does not inexorably lead to the failure of *other* remedies for the alleged failures to disclose. Although some of the claims cannot survive now that the court has resolved the rescission issue, it may not be the case that all of them must be dismissed.

Count one relates exclusively to U.S. Bank and ASC's failure to respond appropriately to Plaintiffs' notice of rescission. (Paper 1, at 12-13). But because the rescission has already been deemed invalid, the appropriate response was no response. Therefore, that claim does indeed fail.

In count two, Plaintiffs contend that U.S. Bank is liable for New Century's failure to make certain TILA-required disclosures and that U.S. Bank violated TILA by failing to credit Plaintiffs' account after receiving a notice of rescission. (*Id.* at 14-15). Although the latter claim depends on a valid rescission, the former claims do not. Similarly, in count three, Plaintiff asserts RESPA violations stemming from ASC's failure to (1) provide certain mandatory disclosures, (2) correct Plaintiffs' account after receiving the rescission notice, (3) cease collections efforts after receiving the rescission notice, and (4) accurately report Plaintiffs' payment history to consumer reporting agencies. The latter three assertions wrongfully assume that a valid rescission took place, but the first does not.

Finally, the bases of the claims stated in counts four and five are less clear. Some of Plaintiffs' claims would seem to rest on the invalid rescission. (*See, e.g.*, Paper 1 ¶ 74 (stating Buonassissi "proceeded to collect an alleged debt without prior legal authority")). Other portions, however, may rely on other, independent events. (*See, e.g., id.* ¶ 93 (stating "Defendants processed and ratified [the Mortgage] with *material* failures to disclose")). Therefore, the court cannot say that Plaintiffs' claims in counts four and five are so

inextricably intertwined with the invalid rescission attempt that they must be dismissed.

Thus, it may not be appropriate to dismiss all counts simply because Plaintiffs' remedy of rescission failed. Nevertheless, the court has reviewed the remaining claims and has found reason to question each of them. Plaintiffs' TILA Section 1640 claims and RESPA claims appear to be time-barred. *See* 12 U.S.C. § 2614 (stating that there is a one-year statute of limitations for claims brought under 12 U.S.C §§ 2605, 2607, 2608); 15 U.S.C. § 1640(e) (stating that there is a one-year statute of limitations for actions brought under this section). As for counts four and five of the complaint, those counts do not allege any facts supporting a violation, but instead recite unsupported legal conclusions that the court is not required to accept on a motion to dismiss.

Because the parties have not discussed these issues, the court will not dismiss the entire complaint with prejudice. Instead, the court will dismiss the claims relating to the purported rescission with prejudice, but the remaining portion of the complaint without prejudice. Plaintiffs will have an opportunity to file an amended complaint within 21 days, if they wish to attempt to pursue any of the remaining claims on the basis of something other than the purported rescission. The amended complaint should not seek the remedy of rescission and

should not state claims based on Plaintiffs' purported exercise of the rescission right in July 2009.

## IV.  Conclusion

For the foregoing reasons, Buonassissi's motion to quash will be denied, U.S. Bank and ASC's motion to dismiss will be granted, and Buonassissi's motion to dismiss will be granted.  A separate order will follow.


_____/s/_____
DEBORAH K. CHASANOW
United States District Judge